Your Honor, the first case of the morning is called 212-87, Beeple v. Dexter G. Robinson. On behalf of the Appellant, Mr. R. Christopher White. On behalf of the Appellate, Ms. Catherine Coles. Thank you. Mr. White. Good morning. May it please the Court, Counsel, Chris White on behalf of Mr. Robinson from the Office of the State Appellant Defender. There's no question here that the defendant was compliant in his registration with 765 Crestwood Drive in Aurora as his residence. I think everyone probably agrees with that. The central question here is whether the State proved that he violated the Sex Offender Registration Act by first proving that he was required to register under the Act and then probably more significantly whether or not he had failed to register in another unspecified address. What, in terms of your position, what makes him required, what requirements are necessary for him to register? To register under the Act, he has to first, the State has to prove that he actually is required to register under the Act. And what is required to register? Is it, in your brief, you suggest that it's limited to a sexually violent or sexually dangerous person. Right, and I think that's... Is it limited to those individuals or is it more than that? I think probably the initial portion of that statute seems to imply that that's what was originally the purpose of this Act. I think the Section B, I believe it is, expands it a little beyond that. So I think we're prepared, you know, at this point to say that if he's been convicted of any of the enumerated sex offenses, other than or in addition to sexually violent and sexually dangerous, that he would be required to register. So that would include aggravated criminal sexual abuse, which he was convicted of? Correct. So he is required to register under the Act, you concede that? Well, the State didn't provide any certified conviction or certified record of that conviction. They provided as evidence the form that the defendant signed that gave all of the information about requiring him. Now that form, it said that he had previously been convicted, which thereby made him eligible to register. He signed that form and the signing of the form, the signed form, was entered in as evidence, but the actual conviction was not. So although he arguably is convicted of, if the State could prove the element that he was convicted of that offense, then he would be required to register under the Act. But our position is that they failed to prove that element of the offense. Is there any authority that you have to show that you need a certified copy of conviction? Aren't there other methods to prove a conviction? Well, there could be, but I think in this, I mean, usually when you're going to enhance a sentence or enhance a class of felony as you do here, by making that an element of offense, it's generally required that you, that the State's required to at least show that he's actually required to register other than what really amounts to a self-serving document that was signed by the defendant, which was really entered for the purpose of showing that the defendant understood his obligations under the Act rather than for the truth of the fact that he was convicted of that particular offense. But I think even beyond that, the problem here is probably more significantly is the fact that they didn't show that he had violated the Act by failing to register at some other residence, specific residence. Counsel, that argument sounds like a statement taken from a movie called Buckaroo Banzai in the 25th Century where someone says, everybody's got to be somewhere. And so the point is, is that being somewhere doesn't necessarily mean that you are at a new residence. It just means that you aren't at your present one. Correct. But if I could just ask, wasn't the testimony of the defendant's sister, Brandy, sufficient to prove that he spent at least five days during the calendar year at his girlfriend's house? I don't think it was here. I think it could have been. There may be circumstances when that would be sufficient, but the level of imprecision of that testimony, I don't think it's sufficient here to establish proof beyond a reasonable doubt. The sister says, yeah, he stayed with his girlfriend for several days a week, several weeks, several days during the year. But we don't know, is it the same girlfriend? Is it the same house? Well, I think it was the house in Iowa. The girlfriend lived in Iowa. But the girlfriend wasn't at the house with the defendant. The defendant says, the girlfriend essentially says he's not here, he's off with his girlfriend. But we don't know from that, even taking that as true, that the sister is correct in her. Now, she may fully believe that, but that may not be true. She just says he's not at this house and I believe he's with his girlfriend. It's different than, say, the situation in Evans where you have an apartment building manager who says the defendant is at this house and he registered this address on his driver's license and the police come out here to break up fights with him at this house. Here we don't even, I don't believe, even in the record, supports even a residence, let alone that it's this specific residence all the time. So you don't think that together with the grandfather's testimony that he went to Iowa and then his own admission that he was out of state coming back, all of that together you don't think is sufficient? No. It shows, as Justice McFerrin said, it shows he wasn't at this address, but it doesn't show he was at that address. He could have been. All of those people can be true, and the grandfather's testimony probably is of minimal import here. But is a specific address an element of the offense? It's that he's at a fixed residence or a temporary address. I think the specific address is important here because if you take the other witness's testimony as true, and that he was visiting his girlfriend in Iowa, he could have been visiting his girlfriend on Tuesday and he's staying Tuesday night at the Holiday Inn, and then he goes Wednesday and he stays at the Days Inn Wednesday night, and he continues that, we don't know that he stayed an overnight period or the five days at that particular house. Maybe they met at another place. That is too, I think, too imprecise a testimony to establish his guilt. It could have been, and we're not saying that. When you say it could have been, you're acknowledging that the trial court could have inferred. Oh, no, not at all. You say it could have been. No, I'm probably speaking a little sloppily there. No, what I mean was the state could have possibly presented evidence that he was at that address. They could have brought in the girlfriend, the girlfriend's mother, a neighbor, anybody, pieces of mail, who knows, whatever it may be. They could have brought in evidence like that. I don't think this evidence rises to that level at all because it simply is testimony. Your argument is it's not reasonable to infer from the testimony that the defendant was at a fixed address for more than five days. Correct, and I don't think the testimony even, frankly, I don't think the testimony was that he was at a fixed residence. He was with his girlfriend, and we don't even know from the record what that means. He was with his girlfriend at different residences. The state seems to treat this as though the defendant were under some sort of house arrest, and that's not the situation. The defendant is certainly allowed to go and travel about so long as he isn't at a temporary abode or a fixed residence under the Act. Was he attending employment in Davenport, Iowa? There's some testimony that he may have been. Well, if he was in Davenport, Iowa, would he be required to register with police in the state of Illinois relative to changing his residence to a place out of state? He might have been, but I don't think the evidence really even establishes that. It's really very shaky about what he was out of state for. One thing we do know is that the purpose of the Act seems to be to make sure that these people can be located. It's not that we're so much concerned that they leave our jurisdiction as we want to keep track of them while they're here and know where they're at. In this case, the police attempted to locate the defendant, and within hours, the defendant was found. He returned the call, you know, you're looking for me. He called them. He called them, correct. So he had connections to that address where he registered as his fixed address, where he had his possessions and where he regarded as his address. When someone showed up and asked for him there, they were able to contact him, and he contacted them again and then returned back to that address. So the idea or the suggestion here that he perhaps was attempting to avoid his obligations under the Act by running to another state and hiding out don't seem to be really founded here. All of the evidence I think you've taken is true. They simply don't say that the defendant was at this other place. Justice McClaren's point I think is very good. Of course you've got to be somewhere. If you're not here, you're somewhere else, but it doesn't mean you're at somewhere else for a period of five days or an aggregate period of five days or a continuous period of three. Let me ask you a question. What is People's Exhibit No. 1? Because the exhibit that's in the record appears to be a sentencing exhibit, not the trial exhibit. Is that the form? Off the top of my head, I don't recall exactly what one is. If that's the form that says he was required to register as a sex offender, there's a form I know that was an exhibit that spelled out his obligations. There were two different exhibits. One was for trial and one was for sentencing, I believe. There may have been a mistake. I don't recall a sentencing exhibit. Even sentencing exhibits have to be somewhere? Not necessarily, but yeah. Not always, but it would be nice. Because of the fact that this wasn't shown, Mr. Robinson is not required to be at that particular location at all times. He's merely required not to be at another location for the statutory period of time. We maintain that the state did not meet its burden and ask that the defendant's conviction be reversed. Would it be safe to say that your entire argument is absence of evidence is not evidence of absence? Actually, I had thought that same thing, but I think it's actually the opposite. There is evidence of his absence, but it's not evidence of presence of another specific location. And that's, I think, vital to this particular argument. Then I think maybe it should be evidence of absence is not evidence of presence. That's right, but you have to be somewhere. Any further questions? Thank you. Thank you. Ms. Coles, correct? May it please the court. You may proceed. May it please the court, Kevin Coles on behalf of the people, counsel. Defendant is a convicted felon of aggravated criminal sexual abuse. He was required to register as a sex offender, but failed to properly do so. And when viewing the evidence in the light most favorable to this date, this court should affirm his conviction. There are two elements that the people are required to prove. First, that the defendant was required to register under the act as a sex offender. And second, that he failed to notify law enforcement of a new fixed residence or temporary domicile within three days of the change. The people approved both these elements. Looking at the first element, the people approved that the defendant was required to register as a sex offender through People's Exhibit 1. And I apologize if there's two People's Exhibit 1s, but I'm referring to the Trial Exhibit 1, which was the form that the defendant filled out with the officer, which went over the requirements of registration. And it specifically... And listed the prior offense that he was convicted of. Correct. And it listed that he was convicted of 720 ILCS 5-12-16 C1I. How does that prove that? Just because it's listed on the form? Is that the... How is that evidence of the conviction? Well, I think it's evidence of the conviction not only because it's listed on the form, and it says defendant was previously convicted of this offense. And that's a preprinted form? Parts of it are preprinted, and parts of it are initialed by the defendant. And it's prepared for when the defendant comes in and tells the officer where he's going to be living. And the officer goes through the requirements of registration. And on the form, the defendant initialed different various requirements, including when he has to notify of a change of address. Okay. So what... Excuse me, if I can just finish. So there was a blank. I guess we haven't seen this, People's Exhibit 1 in the record. So that's why I'm asking. So there was a blank that lists the conviction, that somebody wrote in the conviction on a blank? As I recall, I did try to get this before, or I remember I wasn't able to, but as I recall from reviewing the record, the conviction was typed out. So who typed it? The officer preparing the form. Okay. And were there initials next to it? I don't believe there are initials right next to the conviction, but on other parts of the form there are initials next to the defendant's requirements to register. And arguably, since the defendant was there filling out a registration form for a sex offender, he's admitting that he's a sex offender, he's admitting he's required to register under the Act, and the defendant did not object to the admission of this form at trial. And I think that there's no case law the defendant has cited that says that the only way... Just because of the terminology, it kind of confuses me. Are you saying that he filled out the form that we should strike the appeal contesting his conviction on the basis that he has now admitted that in fact he was guilty of the offense charged? No, Your Honor. What I'm saying is that it's an admission that he had previously been convicted of the sex offense of aggravated criminal sexual abuse based on that form, not that he is admitting to the current charge, which is a separate charge. And I'm just saying that that's the way... The word admit means to me the nominalization of the term to admit is an admission. And you're suggesting that by signing that document he's making an admission that he was guilty of the offense. And I'm not necessarily willing to accept such a broad statement, because if I did, then if that person filled out that form and the appeal was still pending, it would seem to me that the State could move to supplement the record and claim that we should affirm on the basis that this defendant has admitted that he committed the crime and therefore his claim that he wasn't proven beyond a reasonable doubt is facetious, almost frivolous. Your Honor, I understand what you're saying. However, I'm not trying to take an argument that far, and it doesn't have to be classified as an admission, but this acknowledges that the first element of the crime has been proven, which he was required to register under the Act. Well, my point is I think the more appropriate statement might have been that his acknowledgement that he executed the document was evidence that he was in fact convicted, but it wasn't necessarily an admission. Okay. Thank you, Your Honor. What was the girlfriend's name? Brandi O. Banner? Or the girlfriend's name? I apologize. I'm not sure what the girlfriend's name was. That was the sister's name. How difficult would it have been to determine the girlfriend's name and address? I'm not sure, Your Honor. However, this case, we have the testimony of the sister who stated that he was living with the defendant's girlfriend. I'm not sure why the people at the trial level didn't pursue the girlfriend's name. The sister's testimony was that he lived there, and his belongings were at the home where he had registered at. Correct, Your Honor. However, you can be required to register at multiple addresses under the Act, and the defendant would have been required to register at the 765 Crestwood address in addition to the defendant's girlfriend's house in Iowa, because under the statute, he was staying at both these places for more than five aggregate days in the year. Did the state present any evidence whatsoever as to where the defendant and the girlfriend actually spent their time together? The state did not present specific evidence as a specific address, but I don't think that under the statute. Or even a residence, did they? No, they did not. However, looking at Mr. Rush's testimony and looking at defendant's sister's testimony, those two coupled together shows that the defendant was required to register at another address in Iowa. Mr. Rush testified he was working in Iowa. He was absent from the house for multiple days at a time.  You may go ahead. If the statute says that he's not only required to register one residence, but is required to register, if necessary, multiple residences, then couldn't the state establish a violation of his registration by failing to register other residences? Yes, Your Honor. And if that were the case, how would the state establish that he violated the law under that instance? Under that instance, it would be established through this testimony of the defendant's sister and Mr. Rush. It would be through testimony or evidence that there was another residence that he failed to register. That he failed to register, that he was living at multiple registered residences. If logic suggests that there is only one residence and he is no longer there, then he must be, as Peter Weller said, someplace else. And that other place happens to be, if he's in violation of the law and failing to register, another residence. So why is it that when it comes to multiple residences, the state is required to establish the other residences in order to establish a violation of multiple residences. Why isn't the state required to establish the new residence when, if in fact, the old residence has been changed to a new residence? Your Honor, I think I'm a little bit confused by your question. Are you talking about in a different circumstance where someone's no longer living at a residence and now is living in a new place and doesn't register the new place? I don't know that the law makes it as opposing counsel said. He's not under house arrest. The law doesn't require him to report every 72 hours or 24 hours or whenever he leaves the premises. The law says that if he changes residences or if he has multiple residences, he has to list them. Well, if you change residence, doesn't that mean that residence A is no longer viable? Because why? Because now if you have a single new residence, you're now at residence B or residence B. If you're at residence B, wouldn't it make sense to have the state establish where residence B was? Sure, Your Honor, it would make sense to establish where it was, but I don't think you need a specific address to establish where a specific residence is. I think the testimony of defendant's sister stating that he was staying at a house, a specific house, the defendant's girlfriend's house in Iowa, and that being one to two nights a month equals 12 to 24 in a year. What happens with the defendant who's homeless? Is he required to register as not having a residence that he's homeless? I believe the case of Peterson, which was cited by defendant, addressed the issue of homelessness, and that was reversed on appeal. He had given one address, and that was sufficient because he was staying there for at least five aggregate days a year. The defendant found work in Iowa, correct? That was by Mr. Rush's testimony. The fact that he found work in Iowa, I think the testimony was that he was staying with his girlfriend on multiple nights in Iowa, correct? Not necessarily a fixed address, but was with his girlfriend. Your argument that that is enough, somebody's working in Iowa and staying in Iowa, that's enough. Even without a specific address, your argument is that's enough for the trial court to infer that there's been a violation of the statute. Is that essentially what your argument is? Yes, that there's been a violation of the statute because he'd be staying at that place for five aggregate days more or three consecutive days in a row, and as a result, it could be a temporary domicile that he would have to register or a fixed domicile, depending on. Right, so your argument would be that in order to prove a violation of Section 6, all the state is required to do is prove that he's gone from the registered address for more than five days. Not only that he's gone, but they also showed where he was going. I mean, had they not presented testimony, perhaps that would have been enough, but that's not the case here. There was testimony that he was going to Iowa and staying with the defendants. And you could infer from the fact that he was going to Iowa and also holding a job down in Iowa that in all likelihood he was staying at some fixed address in Iowa close enough to his employment to keep his job? Correct, Your Honor. Is intent an element of change of residency? I don't believe so, Your Honor. So if the defendant was in jail for six days, he would have changed his residence? I'm not sure how that circumstance would work. Unless, of course, he wanted to live in the jail? I'm not sure, Your Honor, but the facts before us are that. Well, the point is that there can be places that people can be that aren't their residences. And to establish a change of residence, you have to establish that A is no longer his residence, and ergo, there must be some other place that is his residence. But under the Act, you can have multiple places that are considered residences under the Act. And if there are multiple places that you're required to register where the residence is, why didn't the State establish where the other residence was? I'm not sure, Your Honor, but I believe this was proved with the testimony of Mr. Rush and the defendant's sister. In your brief, you cite People v. Evans, but in Evans there was actual live testimony about the fact that the defendant was staying at a particular address, correct? There was evidence by the building manager that the— Saw the defendant there, he was staying the night there? Every night there, apparently. But when you look at this case, I believe that in addition, the defendant also admitted to coming out of the State for two to three days at a time. And when you're looking at the evidence in the light most favorable to the prosecution, I think reasonable inferences can be made that the defendant violated the statute when he stayed at his girlfriend's for one to two nights a month in Iowa, which is more than five aggregate days in a year. And I'd ask this Court to affirm the defendant's convictions. If there's nothing further. I have no further questions. Thank you. Mr. White. I'll just very briefly. We don't contest the idea, at least theoretically, that you can be required to register at more than one address. The problem here is the imprecise testimony that here fails to establish that address. I don't think it's an owner's burden to require the State to prove where he is rather than require the defendant to essentially prove that he wasn't where he was not supposed to be, which is what you'd end up with here. The testimony here was simply that he was staying with his girlfriend. He had acknowledged that he had found some sort of work. But, again, we don't know what kind of work. If it's something like some sort of day labor work, it may be in different locations within that State. We just don't know. There's not enough in the record to establish that and to, therefore, establish the defendant's conviction under the Act. Do you agree that this form that he signed that listed the conviction was sufficient proof by the State of that prior conviction? I don't think it was. And one of the reasons I believe, as you pointed out, it wasn't signed. We don't know if that was there at the time. Even that is just subject to too much question. I mean, it's not that difficult for the State to simply place into evidence record that the defendant is convicted of this offense and, therefore, required under the Act to register. What about the State's point that you didn't make an objection at the trial level? There was no objection to the admissibility of the form, which apparently, if you're in agreement, reflected that he had a prior conviction. There was no objection at trial. Well, the form was really entered for the purpose. I mean, there may have been objectionable things contained within that form. That, I don't know why they didn't at trial. But the fact is that that was entered for the purpose of attempting to establish that the defendant knew of these obligations under the Act. It wasn't brought in to show that the defendant was, in fact, convicted of that underlying offense. It was contained on that, but that wasn't the purpose of the document. It was really somewhat surplusage, I suppose. Was there a request to limit the receipt of that evidence for that fact, just to show that the defendant knew of the requirements under the Act? I don't believe there was, but I can't say confirmably. I don't think there was. Isn't it concomitant that if he is made aware of his responsibilities to register under the Act, that the initial or the basis, the fundamental fact that he's been found guilty of an offense that requires him to register under the Act would be self-evident? It may be to many people. I don't know what his state of mind was when he signed that. We certainly see a lot of defendants who, you know, here, sign this. This is what you're supposed to do, and it's essentially just okay. And those were initialed, and the offense wasn't, as was pointed out. I don't know what his state of mind was at the time, but even if you grant the fact that he believed he was able or required to register under the Act, I don't think there's been any evidence that he violated those requirements or what he was required to do. And I think the testimony here was just too imprecise to support a, essentially, Class III felony conviction. So for that reason, we'd ask that you reverse the conviction. Any other questions? Any other questions? No, we don't. Thank you. We'll take a short recess. There are other cases on the call.